**February 28, 1990**

IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS,

    Plaintiff/Appellee,

vs.

YUTAKA KAWAI,

    Defendant/Appellant.

APPEAL NO. 89-011
CRIMINAL ACTION NO. 89-271TDD

ORDER DENYING PETITION
FOR REHEARING

PROCEDURAL BACKGROUND

This Court issued its Opinion on January 17, 1990, in which it found that there was no issue of law or fact raised on appeal; that the appeal was frivolous; and imposed a sanction against William Fitzgerald, Attorney, in the sum of ONE THOUSAND DOLLARS ($1,000.00).

On January 22, 1990, Mr. Fitzgerald filed a Petition for Rehearing pursuant to Rule 40, R.App.Proc. We decided to read the transcript of the proceedings below before ruling on the motion.

The petitioner did not order the transcript in this matter until January 22, 1990, and a copy thereof was provided to this Court on February 14, 1990. We have examined the transcript of

94

the proceedings below and we summarize its relevant parts as follows.

On January 20, 1989, the defendant was supposed to appear at the trial court. However, defendant failed to appear and Mr. Fitzgerald sent a non-attorney "representative" from his office to ask the court for a continuance.[1] The court continued the hearing to February 10, 1989, at 8:30 a.m.

On February 10, 1989, the defendant appeared and entered a plea of not guilty. Mr. Fitzgerald asked the court for a long trial date and suggested a trial sometime in April. The court set trial for April 6, 1989.

On April 6, 1989, the parties were present in court but the prosecutor was not prepared to proceed to trial in that some subpoenaed government witnesses did not appear. The defendant moved to dismiss and the prosecutor moved for a continuance. The court denied the motion to dismiss and granted the motion for continuance. The trial was continued to May 11, 1989, at 9:00 a.m.

On May 11, 1989, the parties stipulated to continue the trial in order that Mr. Fitzgerald could file a motion to suppress. He was to file his papers beforehand and the motion would be heard at oral argument on July 6, 1989, at 9:00 a.m. Mr. Fitzgerald had two months to file his motion to suppress.

_____

[1] The normal practice, which we encourage, is for the attorney himself to appear or be represented by another attorney.

On July 6, 1989, Mr. Fitzgerald told the court, "I would prefer to postpone this hearing to allow more time to present papers which I should have done up to this point and have not." He further said, "... if the Court would give us another month or so, I would present points and authorities first." The issue he said he would address was "... what constitutes appropriate and proper evidence of calibration to insure that this machine is recording properly."

The parties agreed that two issues would be raised on appeal as follows:

1. Whether the defendant had the right to a jury trial.

2. Whether the evidence regarding the breathalyzer test should be suppressed for lack of proper foundation.

Although the prosecutor was ready and wanted to proceed to trial that day, the court continued the trial date to July 20, 1989, at 9:00 a.m.

On July 20, 1989, the defendant entered a plea of nolo contendere and advised the court that he would take the two issues up on appeal. The trial court found the defendant guilty of 9 CMC § 7105, Driving Under the Influence of Alcohol, based on the defendant's plea of nolo contendere as supported by the stipulation of facts. The defendant did not move to suppress any evidence relevant to the breathalyzer test, nor did he object to the judge taking into consideration the stipulated facts relevant to the breathalyzer test. He also did not ask the judge to state the factual basis of his judgment. The judgment of the trial court and the record on appeal do not

show that the judge found the defendant guilty either wholly or partially based on the breathalyzer test.

## DISCUSSION

On appeal the defendant did not raise the issue of whether he was entitled to a jury trial. The defendant could not have raised that issue on appeal since he did not request (and the request being denied) a jury trial below.

The issue that the defendant does attempt to raise on this appeal is "Whether the trial Court erred in finding the defendant Kawai guilty of driving under the influence of alcohol based on the result of the breathalyzer test when there was no evidence presented showing the machine was properly maintained and calibrated or that the test was administered properly." (Emphasis added.)

After carefully examining the appellant's proposed issue on appeal, we find that it is characterized by several defects. First, there is no record that the court below found the defendant guilty based on the breathalyzer test. Therefore, this Court cannot find the trial court to have erred in finding the defendant guilty based on the result of the breathalyzer test. There is absolutely nothing in the record on appeal, or in the transcript, received after the Opinion of this Court issued, which indicates that the trial court found the defendant guilty based on the breathalyzer test.

Second, there is substantial evidence in the record, exclusive of the breathalyzer test, which can support a

97

judgment of DUI. The trial court could have considered only such other facts. If no such other facts existed by stipulation, then appellant would be in a better position to state the issue as he did.

Third, the defendant had the opportunity to move to suppress the evidence regarding a breathalyzer test and was given an extension of time to do so, but he failed to file such motion. Had he filed such motion and were denied, the issue that he is proposing on appeal would be properly raised.

Fourth, the issue, as stated by the petitioner, simply fails to inform us as to the error of law that the trial court committed.

What the appellant should have done at the trial level, in order to reserve any issue of law for appeal, was to present a motion or an objection and require the trial court to issue a ruling. Such a ruling, if contrary to his position, could then be contested on appeal. He could also have asked the judge to state the factual basis of his conclusions. The appellant failed to take any of these actions. He has simply failed to reserve the issue for appeal. See, Wright, Federal Practice and Procedure, Criminal 2d §§ 842 and 843

According to the Petition for Rehearing, Mr. Fitzgerald suggests that certain issues might have been misapprehended by this Court. The petitioner did not state with particularity the points of law or fact which, in his opinion, the Court had misapprehended. Neither did the petitioner set forth any argument in support of the petition.

Rule 40 of the Rules of Appellate Procedure provides as follows:

> The petition shall state with particularity the points of law or fact which in the opinion of the petitioner the Court has overlooked or misapprehended and shall contain such argument in support of the petition as the petitioner desires to present.

Unaided by petitioner, this Court is left with no choice but to seek those points itself by reading the entire transcript to determine if there have been any points of law or fact which it overlooked or misapprehended.[2]

After reviewing the transcript, we have become aware that the defendant did talk about raising two legal issues on appeal. However, neither of those issues were presented to the trial court for a ruling. Therefore, there is no ruling from below for us to review.

Although the parties mentioned during the proceedings below that the defendant intended to raise some issues on appeal, specifically involving the right to a jury trial and the adequacy of foundation for use of the breathalyzer test evidence, the defendant never properly reserved such issues of law for appeal. Therefore, under Rule 40 we have no basis for changing our Opinion and the appellant has failed to convince us of any need for rehearing.

---

[2] This Court may not undertake such a task in future cases. It is the duty of the movant to "state with particularity" what has been overlooked or misapprehended. Failure to do so may result in denial of a motion.

## ORDER

IT IS HEREBY ORDERED that the Petition for Rehearing is hereby DENIED.

IT IS FURTHER ORDERED that the Mandate shall be issued immediately.

Dated this _28th_ day of _February_, 1989.

_____
RAMON G. VILLAGOMEZ
Associate Justice

_____
JESUS C. BORJA
Associate Justice

_____
REXFORD C. KOSACK
Special Judge